# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

GREGORY WAYNE SMITH,

      Petitioner,

v.                                                                                                            Civil Action No. 2:04-CV-53
                                                                                           and 2:01-CR-15
                                                                                                       (Bailey)

UNITED STATES OF AMERICA,

      Respondent.


## ORDER ADOPTING REPORT AND RECOMMENDATION

### Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge John S. Kaull [Cr. Doc. 89]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on September 16, 2005 [Cr. Doc. 89]. In that filing, the magistrate judge recommended that this Court deny the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Cr. Doc. 77], Motion for Default Judgment [Cr. Doc. 85], and Motion for Appointment of Counsel and Request for an Evidentiary Hearing [Cr. Doc. 87].

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were originally due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure; however, through a series of orders entered by the Court, the deadline to respond was extended to December 5, 2010 [*See* Cr. Doc. 97]. A document is considered filed with the court by a *pro se* prisoner when that prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk." **Houston v. Lack**, 487 U.S. 266, 276 (1988). The Court will presume that the petitioner timely filed his objections by December 5, 2010, because the docket reflects receipt and entry of the filing by the Court on December 6, 2010 [Cr. Doc. 101]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

**Factual and Procedural History**

On February 15, 2002, the petitioner was convicted of two counts of being a felon in possession of firearms and one count of theft of firearms from a licensed firearms dealer [Cr. Doc. 53]. On November 18, 2002, the petitioner was sentenced to a term of 151 months of imprisonment [Cr. Doc. 63 at 2]. The petitioner appealed the conviction and sentence to the Fourth Circuit Court of Appeals ("Fourth Circuit") [Cr. Doc. 67]. The Fourth Circuit affirmed the petitioner's conviction and sentence on May 5, 2003 [Cr. Doc. 73].

On August 9, 2004, the petitioner filed a Motion to Vacate, Set aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Cr. Doc. 77]. In support of his motion, petitioner raised five grounds of ineffective assistance of counsel and one constitutional ground [*Id.*

2

at 5-7]. The government filed its response to petitioner's motion on December 14, 2004 [Cr. Doc. 83]. The petitioner filed a Motion for Default Judgment on July 15, 2005 [Cr. Doc. 85]. On August 4, 2005, the petitioner submitted a Motion to Appoint Counsel and For an Evidentiary Hearing [Cr. Doc. 87]. On September 16, 2005, Magistrate Judge Kaull entered his R&R, which recommended that the Court deny the petitioner's Motion to Vacate, Motion for Default Judgment, and Motion to Appoint Counsel and For an Evidentiary Hearing [Cr. Doc. 89 at 13]. On November 9, 2005, the Court entered an Order Adopting the Report and Recommendation [Cr. Doc. 90].

On December 14, 2006, the petitioner filed a Motion for Reconsideration and or Vacating Prior Order of November 9, 2005 For Lack of Service [Cr. Doc. 92]. The Court entered an Order on October 13, 2010, granting the petitioner's Motion for Reconsideration and or Vacating Prior Order of November 9, 2005 for Lack of Service and vacating the Court's November 9, 2005, Order [Cr. Doc. 94 at 3]. The petitioner was granted an extension of time to December 5, 2010, to file his reply to the Government's response to the petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [*See* Cr. Doc. 97].

**Applicable Law**

I. Ineffective Assistance of Counsel

"The benchmark for judging any claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." **Strickland v. Washington**, 466 U.S. 668, 686 (1984). The defendant must show that (1) the attorney's performance was deficient and (2) the deficient performance prejudiced the defendant [*Id.*

3

at 687]. For the first prong of the test, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. For the second prong of the test, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. If a defendant cannot satisfy the prejudice prong of the ineffective assistance of counsel test, a court does not need to address the performance prong. ***Fields v. Attorney General of State of Md.***, 956 F.2d 1290 (4th Cir. 1992).

## II. Sentencing Enhancements

The Supreme Court held that, "when a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' and the judge exceeds his proper authority." ***Blakely v. Washington***, 542 U.S. 296 (2004)(internal citations omitted). This concept also applies to federal sentencing guidelines. ***United States v. Booker***, 543 U.S. 220 (2005). Various circuits, including the Fourth Circuit, have ruled that ***Booker*** does not apply retroactively to § 2255 motions when the conviction became final before the date that the Supreme Court issued ***Booker***. *See* ***United States v. Morris***, 429 F.3d 65 (4th Cir. 2005); see also ***Guzman v. United States***, 404 F.3d 139 (2d Cir. 2005); ***Lloyd v. United States***, 407 F.3d 608 (3d Cir. 2005); ***Humphress v. United States***, 398 F.3d 855 (6th Cir. 2005); ***McReynolds v. United States***, 397 F.3d 479 (7th Cir. 2005); ***Never Misses a Shot v. United States***, 413 F.3d 781 (8th Cir. 2005); ***United States v. Price***, 413 F.3d 844 (10th Cir. 2005); ***Valera v. United States***, 400 F.3d 864 (11th Cir. 2005).

**Discussion**

In the Motion to Vacate, Set Aside, or Correct Sentence, the petitioner listed five ineffective assistance of counsel grounds and one constitutional ground [Cr. Doc. 77 at 5-7]. The ineffective assistance of counsel grounds included the following claims: (1) failure to alert the court of a sleeping juror; (2) denial of constitutional right to confront witnesses; (3) failure to conduct an adequate investigation; (4) failure to move for a mistrial; and (5) cumulative impact of trial counsel's errors, including failure to correct discrepancies in witness testimony, stipulation of interstate commerce element, and failure to challenge the document used to establish the federal licensed firearms dealer [*Id.* at 6-7]. The constitutional ground is a claim the sentence was improper and violates the petitioner's Sixth Amendment rights.

On December 6, 2010, petitioner's Reply to the Government's Response to Motion to Vacate, Set Aside, or Correct Sentence [Cr. Doc. 101] was entered by the Court. In his objections, petitioner does not specifically state that he objects to the recommendation by the magistrate judge that the Court deny the defendant's motions; however, he does address three ineffective assistance of issues raised in his § 2255 Motion [*Id.*].

Petitioner's Objections

Petitioner objects to the Magistrate Judge's R&R conclusion that the § 2255 Motion to Vacate, Set Aside, or Correct Sentence should be denied; in support of his objection, he raises three ineffective assistance of counsel claims.

I. Denial of Constitutional Right to Confront Witnesses

Petitioner states that counsel's failure to object to a hearsay statement made by

Mickey Schooner failed to preserve the issue for appeal [Cr. Doc. 101 at 4].  The petitioner does not explain how Mr. Schooner's statement was hearsay, aside from claiming that the statement pertained to what Mr. Schooner "felt" and "believed."  However, even presuming that the statement was hearsay, the petitioner's argument fails.  The petitioner argues that, "[b]y failing to preserve[ ] this issue for appellate review[,] counsel prejudiced [him]" [*Id.*, relying on **Gochicoa v. Johnson**, 53 F.Supp.2d 943 (W.D. Tex. 1999), *reversed in part by* **Gochicoa v. Johnson**, 238 F.3d 278 (5th Cir. 2000); **Henry v. Scully**, 78 F.3d 51 (2d Cir. 1996)].  However, these cases are not binding precedent in the Fourth Circuit, and, the defendant does not explain how the statement is hearsay.  Moreover, neither of the cases relied upon by the defendant states such a definitive rule that prejudice should be presumed.

In **Gochicoa**, the United States District Court for the Western District of Texas found that the performance of the defendant's counsel constituted a constructive denial of counsel and, therefore, presumed prejudice; however, counsel's failure to object to inadmissible hearsay was not the only basis for the court's finding.  53 F. Supp.2d at 957.  Moreover, on appeal, the Fifth Circuit Court of Appeals ("Fifth Circuit") held that constructive denial of counsel occurs in very narrow circumstances and "[w]hen the defendant complains of errors, omissions, or strategic blunders, prejudice is not presumed . . .."  238 F.3d at 284-85.  In **Henry**, the Second Circuit Court of Appeals ("Second Circuit") affirmed a ruling that counsel was ineffective for three reasons, one of which included failing to object to hearsay testimony used by the prosecution against the defendant's strongest point at trial.  78 F.3d at 53.  As such, petitioner's argument that prejudice should be presumed fails.

6

Petitioner further argues that his attorney was ineffective for failing to "investigate and present mitigating evidence," stating that three individuals were available and willing to testify for the defense [Cr. Doc. 101 at 4, relying on ***Austin v. Bell***, 126 F.3d 843 (6thCir. 1997)]. However, the defendant does not demonstrate any prejudice by counsel's failure to have these three individuals testify. Because there is no presumption of prejudice, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" to be able to fulfill the second prong of the ineffective assistance of counsel test. ***Strickland***, 466 U.S. 668 at 694. Because the petitioner did not demonstrate how the outcome of the proceeding would have been different if the three individuals testified or his attorney had objected to Mr. Schooner's statement, he fails to fulfill the prejudice prong of the ineffective assistance of counsel test. Furthermore, "'the decision [about] whether to call a defense witness is a strategic decision' . . . and one to which 'we must afford . . . enormous deference.'" ***United States v. Terry***, 366 F.3d 312, 317 (4th Cir. 2004)(internal citations omitted). Therefore, this Court hereby **OVERRULES** the petitioner's objection.

II. Failure to Move for Mistrial

Petitioner argues that counsel's failure to move for a mistrial amounted to ineffective assistance of counsel [Cr. Doc. 101 at 4-5, relying on ***Harris v. Housewright***, 697 F.2d 202 (8th Cir. 1982)]. The petitioner alleges that his attorney should have moved for a mistrial when the attorney learned that he had not received Mr. Talkington's written statement in discovery because it amounted to a ***Brady*** violation [Cr. Doc. 77 at 25-30]. The United States Supreme Court has held that the "suppression by the prosecution of

evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *see also United States v. Cole*, 293 F.3d 153 (4th Cir. 2002), *cert. denied*, 537 U.S. 950 (2002).  However, the petitioner has not demonstrated that Mr. Talkington's written statement is exculpatory; therefore, he has not demonstrated a *Brady* violation.

Moreover, the petitioner has not demonstrated that the failure to move for a mistrial amounted to ineffective assistance of counsel.  The petitioner relies upon an Eighth Circuit Court of Appeals ("Eighth Circuit") case to argue that his attorney's "failure to [object to] hearsay evidence [and] move for a mistrial . . . amounted to ineffective assistance of counsel" [*Id.*, relying on *Harris*, 697 F.2d 202].  However, this Eighth Circuit case pertained to a number of additional claims that were factored into the determination that the attorney's performance was deficient.  *Harris*, 697 F.2d at 211-12.  Moreover, the Eighth Circuit still required the defendant to meet the prejudice prong of the ineffective assistance of counsel test.  *Id.* at 212.

Under the prejudice prong of the ineffective assistance of counsel test, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 668 at 694.  Because the petitioner did not demonstrate how the outcome of the proceeding would have been different if his attorney had objected to Mr. Schooner's statement or had

8

moved for a mistrial, he fails to meet the prejudice prong.  Therefore, this Court hereby **OVERRULES** the petitioner's objection.

### III. Failure to Correct Discrepancies in Witness Testimony

The petitioner argues that counsel's failure to focus on the discrepancy between Mr. Talkington's written statement and testimony before the grand jury amounts to ineffective assistance of counsel [Cr. Doc. 77 at 31-32].  Mr. Talkington's written statement said that a burglary did not occur because a "light went out in the trailer behind the shop;" however, his testimony before the grand jury was that "a light came on," which caused the men to not commit the burglary [*Id.*].  Although the petitioner argues that the credibility of Mr. Talkington would have been severely damaged if counsel had focused on this discrepancy, the petitioner fails to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Strickland***, 466 U.S. 668 at 694.  He merely states that it "could [have] resulted in an a[c]quittal for the petitioner [because] this witness is the one person who placed petitioner at the scene of the crime . . ." [Cr. Doc. 101 at 5].  Stating that there is a possibility that the outcome of the proceeding could have been different does not meet the "reasonable probability" standard. Because he failed to demonstrate that the outcome of the proceeding would have been different if his attorney had focused on the discrepancy between Mr. Talkington's written statement and grand jury testimony, the petitioner does not meet the prejudice prong of the ineffective assistance of counsel test.  Therefore, this Court hereby **OVERRULES** the petitioner's objection.

## Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Cr. Doc. 89]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the plaintiff's Objections **[Cr. Doc. 101]** are **OVERRULED**. Accordingly, the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 **[Cr. Doc. 77]**, Motion For Default Judgment **[Cr. Doc. 85]**, and Motion to Appoint Counsel and Request for Evidentiary Hearing **[Cr. Doc. 87]** are hereby **DENIED** for the same reasons as stated above. As such, the same is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** November 4, 2011.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE